# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

TOM TUDUJ,                 )
                                    )
          Plaintiff,       )
                                    )
vs.                         )      Case No. 17-CV-219-NJR-DGW
                                    )
ERIC M. JOHNSON, et al.,     )
                                    )
          Defendants.    )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is currently before the Court on an objection filed by Plaintiff Tom Tuduj ("Tuduj") to Magistrate Judge Donald G. Wilkerson's Order dated April 18, 2018, which denied Tuduj's request to amend his complaint in order to add Boswell Pharmacy as a defendant (Doc. 69). [1] For the reasons explained below, Magistrate Judge Wilkerson's Order dated April 18, 2018 is affirmed.

### BACKGROUND

Tuduj filed this action on March 1, 2017, alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Tuduj alleges he was provided inadequate medical care for a systemic virus or infection that has damaged his eyes. Tuduj also alleges that he was not provided prescribed medications for his condition because it is not on the pharmacy formulary.

On March 8, 2017, following a screening of the complaint pursuant to 28 U.S.C.

---

[1] Tuduj also filed a Motion for Leave to Supplement Record (Doc. 88), in which he seeks to supplement the arguments made in his appeal with case law. The motion (Doc. 88) is **GRANTED**, and the Court considers the arguments made in this supplemental filing.

§ 1915A, the undersigned allowed Tuduj to proceed on an Eighth Amendment deliberate indifference claim against Defendants Eric Johnson, Christine Lochhead, Samuel Nowabasi, John Trost, and Stephen Ritz for failing to adequately treat Tuduj's serious medical need.

The Court did not allow Tuduj to proceed on his claim against Jackie Martella, the Chief Executive Officer of Boswell Pharmacy Services.[2] Specifically, Tuduj alleged a claim against Martella for failing to fill one of his prescriptions for a non-formulary item (Dimethyl Sulfoxide "DMSO"), and thus he alleged that she interfered with a prescribed course of treatment (Doc. 4, p. 8). The undersigned dismissed this claim without prejudice on the basis that there was no indication that Martella was personally involved in the alleged constitutional deprivations (*Id.*).

Approximately two weeks later, on March 23, 2017, Tuduj filed a motion seeking leave to amend his complaint (Doc. 16). The proposed first amended complaint sought to add Boswell Pharmacy as a defendant to this action in its corporate capacity for its alleged role in creating policies, practices, or customs that interfered with Tuduj's prescribed treatment. Magistrate Judge Donald Wilkerson denied Tuduj's motion on August 1, 2017 (Doc. 50). Specifically, Magistrate Judge Wilkerson noted that Tuduj did not allege any particular policy, custom, or practice created or maintained by Boswell Pharmacy that may have caused or contributed to any alleged constitutional deprivations (Doc. 50, p. 2). Instead, Tuduj merely alleged that the prescribed DMSO was not filled because it was not part of Boswell Pharmacy's formulary (*Id.*). Magistrate Jude Wilkerson reasoned that it is not a constitutional violation to have only certain

---

[2] Boswell Pharmacy is a corporation providing medications to prisoners at Menard Correctional Center.

medications on a formulary (Doc. 50, p. 3). Therefore, leave to amend was denied (*Id.*).

On November 21, 2017, Tuduj filed a second motion seeking leave to amend his complaint (Doc. 66). In that motion, Tuduj re-alleged his claim against Boswell Pharmacy and sought to add Dr. Els, Dr. Caldwell, and Wexford Health Sources as defendants (Doc. 71). On April 18, 2018, Magistrate Judge Wilkerson granted Tuduj leave to add Dr. Els, Dr. Caldwell, and Wexford as defendants, but denied Tuduj leave to once again add Boswell Pharmacy as a defendant. Specifically, Magistrate Judge Wilkerson found that Tuduj's claim that the absence of DMSO in Boswell Pharmacy's formulary is insufficient evidence to allege that Boswell Pharmacy had an unconstitutional policy or practice of providing "expensive" and "ineffective" remedies.

Tuduj then sought an appeal of that ruling (Doc. 80), which is directed to the undersigned.

## DISCUSSION

The Court may modify or reverse a decision of a magistrate judge on a nondispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); SDIL-LR 73.1(a). A decision is clearly erroneous "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). *See also Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988) ("To be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish.").

Generally, a motion for leave to amend a pleading is evaluated under Rule

15(a)(2), which provides that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Compania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002)).

In his appeal, Tuduj argues that Magistrate Judge Wilkerson failed to address two legal bases that he asserted in support of his cause of action against Boswell Pharmacy. Specifically, Tuduj explains that he alleged the following three legal bases in his proposed Second Amended Complaint: (1) Boswell Pharmacy had a policy, custom, or practice of provoking "expensive" and "ineffective" remedies to maximize profits (Tuduj acknowledges that Magistrate Judge Wilkerson specifically addressed this claim); (2) Boswell Pharmacy did not fill his prescription of DMSO and this interfered with his treatment; and (3) Boswell Pharmacy failed to carry out treatment prescribed by his doctor (*See* Docs. 71 and 80). Tuduj asserts that these latter two claims violate his Eighth Amendment rights and constitute deliberate indifference to his serious medical needs.

As stated previously and as acknowledged by Tuduj, a corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Although Magistrate Judge Wilkerson only mentioned Tuduj's policy and practice claim "of providing 'expensive' and 'ineffective' remedies (instead of

effective and inexpensive remedies—like DMSO) to maximize profits" in his order, his reasoning as to why this specific claim fails applies equally to all of Tuduj's policy and practice claims asserted against Boswell Pharmacy. That is, one instance of alleged unconstitutional conduct is insufficient to allege that a "policy and practice" of unconstitutional conduct exists. The only facts Tuduj alleges in support of his claims are that Boswell Pharmacy failed to have DMSO on its formulary. The allegations in the Second Amended Complaint do not state a claim that Boswell Pharmacy had a widespread policy and practice of interfering with the ability of prisoners to obtain treatment or failing to carry out prescribed courses of treatment. Moreover, merely citing (in his appeal briefing) to cases where district courts found that plaintiffs in other cases alleged enough specific facts to give rise to a policy and practice claim does not add any facts for the Court to consider in this case.

Lastly, the Court notes that Tuduj mentions in his appeal that he has not yet consented to a magistrate judge. On March 8, 2017, the Court referred this case to Magistrate Judge Wilkerson "for further pretrial proceedings." (Doc. 4, p. 12). A motion to amend the complaint is a non-dispositive matter that Magistrate Judge Wilkerson had authority to rule on without Tuduj's explicit consent. *See* FED. R. CIV. P. 72(a); *see also Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) ("The district judge correctly held that the magistrate judge's denial of Hall's motion to amend his complaint was nondispositive, subject only to review for clear error.").

## CONCLUSION

Accordingly, Magistrate Judge Wilkerson's Order dated April 18, 2018 (Doc. 69)

that denied Tuduj leave to amend to add Boswell Pharmacy as a defendant is

**AFFIRMED**.

      **IT IS SO ORDERED.**

      **DATED:   August 3, 2018**

                                                     **NANCY J. ROSENSTENGEL**
                                                     **United States District Judge**