IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOM TUDUJ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-219-NJR-DGW |
| | ) |
| ERIC M. JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 83) regarding the motions for summary judgment filed by Defendants Eric Johnson and Christine Lochhead (Docs. 54 and 57). The motions seek summary judgment on the issue of exhaustion of administrative remedies. The Report and Recommendation was entered on May 9, 2018, and recommends granting the motion for summary judgment filed by Defendant Johnson and denying the motion for summary judgment filed by Defendant Lochhead (Doc. 83). No objections to the Report and Recommendation were filed.

Plaintiff Tom Tuduj ("Tuduj"), an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, filed a *pro se* lawsuit pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights (Doc. 1). Following a screening of the complaint pursuant to 28 U.S.C. §1915A on March 8, 2017, the undersigned allowed Tuduj to proceed on an Eighth Amendment deliberate

indifference claim against Defendants Eric Johnson, Christine Lochhead, Samuel Nwaobasi, John Trost, and Stephen Ritz for failing to adequately treat, or delaying treatment for Tuduj's serious medical need (Doc. 4). The Court also directed that Jacqueline Lashbrook, the current warden at Menard, be joined for injunctive relief purposes (Doc. 4). On April 18, 2018, Magistrate Judge Wilkerson granted Tuduj leave to add Dr. Els, Dr. Caldwell, and Wexford as defendants to Tuduj's claim of deliberate indifference to a serious medical need (Doc. 69).

Defendants Johnson and Lochhead filed motions for summary judgment in September 2017, arguing that Tuduj failed to exhaust his administrative remedies prior to filing suit (Docs. 54 and 57). Tuduj filed responses in opposition to the motions (Docs. 63 and 64). On September 8, 2017, Defendant Nwaobasi filed a Motion for Leave to Join Co-Defendants' Motions for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 59). On September 11, 2017, Magistrate Judge Wilkerson granted the motion, indicating that he would apply the arguments made in the motions for summary judgment to Defendant Nwaobasi (Doc. 60).

On May 9, 2018, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court, concluding that Tuduj exhausted his administrative remedies as to Defendant Lochhead, but failed to exhaust his administrative remedies as to Defendant Johnson. As to Defendant Nwaobasi, Magistrate Judge Wilkerson found that the arguments made in the motions were specific to the allegations against those specific defendants, and there is no basis in either motion to find that Tuduj had failed to exhaust administrative remedies with

respect to Defendant Nwaobasi. Accordingly, Magistrate Judge Wilkerson recommends that summary judgment be denied as to Defendant Nwaobasi.

As to Defendant Johnson, Magistrate Judge Wilkerson found that Tuduj failed to comply with the Illinois Administrative Code requirement that grievances be filed within sixty days of the incident, and thus he failed to exhaust his administrative remedies against this defendant. As to Defendant Lochhead, Magistrate Judge Wilkerson found that Tuduj exhausted his administrative remedies against this defendant because the grievance process was rendered unavailable to him.

Objections to the Report and Recommendation were due on or before May 29, 2018. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). No objections were filed. Where neither timely nor specific objections to the Report and Recommendation are made, the Court need not conduct a *de novo* review. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The undersigned has reviewed Magistrate Judge Wilkerson's Report and Recommendation and finds there is no clear error in his findings of fact or conclusions of law. Accordingly, the Report and Recommendation (Doc. 83) is **ADOPTED** in its entirety. The motion for summary judgment filed by Defendant Johnson (Doc. 54) is **GRANTED**, and the Motion for Summary Judgment filed by Defendant Lochhead (Doc. 57) is **DENIED**. Additionally, summary judgment is **DENIED** as to Defendant

Nwaobasi on both of the joined motions. The Clerk's Office is **DIRECTED** to terminate Defendant Johnson as a party to this action.

    **IT IS SO ORDERED.**

    DATED:  August 3, 2018

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**